IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAMMY R. WELDON, # 314590, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:20-CV-61-WKW |
| ) | [WO] |
| ADRIENNE GIVENS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I.  INTRODUCTION**

This cause is before the court on Petitioner Tammy R. Weldon's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 25, 2019.  Doc. # 1. Weldon, an Alabama prisoner, challenges her 2018 Lee County conviction and sentence for trafficking in methamphetamine and unlawful possession of drug paraphernalia.  She presents claims of ineffective assistance of counsel.

In an answer filed on February 19, 2020, Respondents maintain that Weldon has not exhausted her state court remedies regarding the ineffective assistance claims in her § 2254 petition.  Doc. # 12.  Respondents argue that Weldon's § 2254 petition should therefore be dismissed without prejudice to allow her to exhaust her state court remedies.  *Id.*

In light of the arguments and evidence presented by Respondents with their answer, the court entered an order allowing Weldon to demonstrate why her petition should not be dismissed without prejudice for her failure to exhaust state court remedies. Doc. # 13. Weldon did not file a response to this order.

## II. DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra*, 526 U.S. at 845.

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ

of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The pleadings and evidentiary materials reflect that Weldon has not exhausted her state court remedies regarding the claims in her petition. As Respondents observe, Weldon should raise her claims of ineffective assistance of counsel in a petition for relief under Rule 32 of the Alabama Rules of Criminal Procedure. In Alabama, a petitioner may allege claims of ineffective assistance of trial or appellate counsel in a Rule 32 petition filed within one year of the conclusion of direct appeal proceedings. *See, e.g.,* Ala.R.Crim.P. 32.2(c); *Ex parte Ingram,* 675 So. 2d 863, 866 (Ala. 1996) (the proper method for presenting a claim for ineffective assistance of trial counsel that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition); *Murray v. State*, 922 So. 2d 961, 965 (Ala. Crim. App. 2005) (holding same).

Weldon has not yet filed a Rule 32 petition. She may still file a timely Rule 32 petition with the state trial court if she files that petition **before June 7, 2020**. If she receives an adverse ruling on such a Rule 32 petition, she should then seek review of that decision in the Alabama appellate courts. *See Smith*, 256 F.3d at 1140–41. As indicated above, the exhaustion requirement applies to state post-

conviction proceedings (e.g., petitions under Rule 32) and to direct appeals alike. *See Pruitt*, 348 F.3d at 1359.

This court does not deem it appropriate to rule on the merits of Weldon's claims without first requiring that she exhaust her state court remedies. The court therefore concludes this § 2254 petition should be dismissed without prejudice so Weldon may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Weldon to exhaust her state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 31, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds

of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of March, 2020.

 /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE